UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AKANIYENE WILLIAM ETUK,<br><br>                    Plaintiff,<br><br>-against-<br><br>CITY OF NEW YORK; BROOKDALE UNIVERSITY HOSPITAL; COREY COPELAND,<br><br>                    Defendants. | 24-CV-6051 (LTS)<br><br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who resides in Brooklyn, Kings County, New York, brings this *pro se* action against the City of New York; Brookdale University Hospital ("Brookdale") located in Brooklyn; and an individual named Corey Copeland, who also resides in Brooklyn. Plaintiff alleges that he was subletting an apartment from Copeland, and that officers from the New York City Police Department falsely arrested him and transported him from that apartment to Brookdale. (ECF ¶¶ 1-13.) For the following reasons, this action is transferred to the United States District Court for the Eastern District of New York.

### DISCUSSION

Under 28 U.S.C. § 1391(b), a civil action may be brought in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

For venue purposes, a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district

where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Plaintiff alleges that Defendants violated his rights in Brooklyn, Kings County, New York, and that Brookdale and Copeland reside in Brooklyn. Venue is therefore proper in the Eastern District of New York under Section 1391(b)(2) because the alleged events giving rise to Plaintiff's claims occurred in Kings County, which falls within the Eastern District of New York. *See* 28 U.S.C. § 112.

Even if the Court were to assume that venue is proper in this District, under 28 U.S.C. § 1404(a), the Court may transfer the case to any other district where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a).

In determining whether transfer is appropriate, courts consider the following ten factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459-60 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors).

A plaintiff's choice of forum is accorded less deference where the plaintiff does not reside in the chosen forum and the operative events did not occur there. *See Iragorri v. United Tech. Corp.*, 274 F.3d 65, 72 (2d Cir. 2001).

Under Section 1404(a), transfer appears to be appropriate in this case. The underlying events occurred in Brooklyn where Plaintiff resides and where it is reasonable to expect that relevant documents and witnesses would be located.[1] The Eastern District of New York appears to be a more convenient forum for this action. Accordingly, the Court transfers this action to the United States District Court for the Eastern District of New York. 28 U.S.C. § 1404(a); *see D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Eastern District of New York. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this Court. This order closes this case.

---

[1] Moreover, the Court transferred to the Eastern District a prior complaint that Plaintiff filed that appears to arise out of the same events at issue in this complaint. *See Etuk v. N.Y.P.D.*, ECF 1:24-CV-4955, 6 (LTS) (S.D.N.Y. July 10. 2024); that matter remains pending in the Eastern District under docket number 24-CV-5180. Plaintiff recently filed four other *pro se* complaints in this District. *See Etuk v. BronxWorks*, ECF 1:24-CV-4953, 1; *Etuk v. N.Y.P.D.*, ECF 1:24-CV-4962, 1 (UA); *Etuk v. Dep't of Homeless Svcs.*, ECF 1:24-CV-4967, 1 (UA); *Etuk v. N.Y.P.D.*, ECF 1:24-CV-4989, 1 (UA).

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   August 15, 2024
         New York, New York

                                              /s/ Laura Taylor Swain
                                              LAURA TAYLOR SWAIN
                                             Chief United States District Judge